IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Heyward Cecil Dempsey, #134171, | ) | C/A No. 4:05-2464-HMH-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Stan Burtt, Warden; and Henry McMaster, | ) | |
| Attorney General for South Carolina, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner, Heyward Cecil Dempsey ("Petitioner/Dempsey"), is an inmate in the custody of the South Carolina Department of Corrections (SCDC). Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on August 31, 2005. Respondents filed a motion for summary judgment on November 30, 2005, and an amended return and supporting memorandum on December 1, 2005. The undersigned issued an order filed December 1, 2005, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a response to Respondents' motion for summary judgment on January 3, 2006. (Doc. #14).

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

# I.  PROCEDURAL HISTORY

The procedural history as set forth by the Respondents in their memorandum has not been seriously disputed by the Petitioner in his response. Therefore, the undersigned will set out the undisputed procedural history as set forth by the Respondents.

Petitioner, Heyward Cecil Dempsey, is presently confined in the Lieber Correctional Institution of the South Carolina Department of Corrections (SCDC) pursuant to commitment orders from the Orangeburg County Clerk of Court. The Orangeburg County Grand Jury indicted Dempsey at the April 1998 term of court for criminal sexual conduct with a minor in the first degree (1997-GS-38-1138).  App.308-09; 432-33.  Michael Meetze, Public Defender, represented him on this charge.

On April 21, 1998, Petitioner received a jury trial before the Honorable Donald W. Beatty. The jury found him guilty as charged.  Judge Beatty sentence him to thirty years imprisonment.  App. pp. 1-226.

Petitioner served and filed a timely Notice of Appeal.  Assistant Appellate Defender M. Anne Pearce, of the South Carolina Office of Appellate Defense, represented him on appeal.  Petitioner filed a Final Brief of Appellant on April 28, 1999 (App. 227-42), in which he presented the following issue:

> Whether the trial judge erred in denying appellant's motion for a mistrial where the alleged victim's therapist vouched for his credibility and the prejudicial effect of his testimony substantially outweighed the probative value?

App. pp. 230.

The State filed a Final Brief of Respondent on April 27, 1999. App. pp.243-256. The South Carolina Court of Appeals affirmed Petitioner's conviction and sentence in a published Opinion filed on June 5, 2000. *State v. Dempsey*, Op. No. 3179 (S.C.Ct.App., filed June 5, 2000). App.pp.257-262.[2] The South Carolina Court of Appeals sent the Remittitur to the Orangeburg County Clerk of Court on June 21, 2000.

Petitioner subsequently filed an Application for Post-Conviction Relief (PCR) (2000-CP-38-1289) on August 16, 2001. He alleged the following grounds for relief in his Application:

1. Ineffective Assistance of Counsel
2. After-Discovered Evidence, Constitutional and Novel Issues: Perjury Subornation of Perjury 16-9-13, 16-9-30 Prosecution Misconduct

App. pp. 263-67. Petitioner also filed an Amended and Supplemental PCR Application on November 21, 2000, in which he raised the following grounds for relief:

1. Applicant maintains his actual innocence and has identified several material specific errors and omissions by counsel Michael (sic) Meetze Public Defender that denied the defendant a fair trial by undermining the confidence of the proceeding outcome within a reasonable probability;

2. Applicant['] s issues centers around counsels failure to request and provide a defense and expert witness concerning proper examination to abused children and trauma evidence and to counter the testimony of expert...;

3. Counsel failed to follow the instructions of applicant and failed to keep his client reasonably informed. Counsel "crippled" my case with inadequate tails of how he could "not" subpoena the Grandfather of the child from North Carolina as well [as] call three subpoenaed witnesses and tell [them] not to show up and the subpoenaed waited outside for two day's to give testimony but was not called in; (sic)

4. If the client [had] known the true character of representation prior to a jury trial he would have insisted on having another attorney [who] was competent to assist in his interest for liberty justice and truth;

---

[2] This Opinion is published as *State v. Dempsey*, 340 S.C. 565, 532 S.E.2d 306 (Ct.App.2000).

3

5.  Ineffective Assistance of counsel

   A-1.  Dr. Elizabeth L. H. Baker
         Counsel failed to provide an expert witness to "challenge" the competency of experts witness testimony;
   B-1.  Detective Barbara Walters
         Michael Meeze [provided] ineffective assistance of counsel during the testimony from Detective Barbara Walters because counsel did not object even though he was aware that Detective Walters had perjurd (sic) herself;
   C-1   Attorney Michael Meetze
         Attorney Michael Meetze [was] ineffective as well in the calling of the jury number #13 Dennis Bozard;
   D-1   M J
         Michael Meetze was ineffective assistance of counsel. Counsel knew that MJ told his aunt...that was subpeonaed (sic) that MJ told her that Gill[Y]ocum put him up to saying Mr. Dempsey did this to him and counsel should have presented the victim's grandfather to testify that the charges were fabricated;
   E-1.  Michael Meetze Attorney for Defendant requested Motion for Production August 21, 1997 Purtaned (sic) to Rule 5 South Carolina Michael Meetze knew of medical record and affidavit and warrant to indictment (sic) there was three months add[ed] to the indictment (sic) counsel was ineffective for not objecting to this;
   F-1.  Michael Meetze Attorney for Defendant was ineffective in his handling of the victim's sister, who was a prosecution witness;
   G-1.  Prosecutorial misconduct because Solicitor Christopher Murphy in Orangeburg County willfully give false and misleading and (in incomplete information on a document required by the laws of this state the indictment #97-GS38)16-9-101 Solicitor Murphy knew of the warrant information as well as the victim's affidavit and the warrant reading the same D-951585.;
   H-1.  Improper Comments
         The Prosecutor improperly balanced the victim's credibility in opening statements.

The State made its Return on May 2, 2002. **App.365-70.**

The Honorable Rodney A. Peeples held an evidentiary hearing on June 10, 2002, at the Orangeburg County Courthouse. Petitioner was present at the hearing; and Gerald Davis, Esquire, represented him. The State was represented by Elizabeth R. McMahon, Assistant Attorney General.

4

Petitioner testified in support of his Application and the State presented trial counsel, Mr. Meetze. App.371-424.

Judge Peeples vacated the conviction and remanded the case for a new trial in his Order Granting Relief dated July 10, 2002. App.pp. 426-31.  Judge Peeples addressed three allegations of ineffective assistance of counsel in his Order: (1)counsel's failure to subpoena an out-of-state witness; (2)counsel's failure to call expert witness to rebut expert testimony by prosecution witnesses; (3)counsel's failure to request a jury instruction on the lesser included offense of assault and battery of a high and aggravated nature.  Although it appears from the Order that he rejected the first two allegations but granted relief on the third claim, the State's subsequent Petition for Writ of Certiorari and the decision of the South Carolina Supreme Court on certiorari treat the Order as granting relief on all three allegations.

On April 4, 2002, the State filed a Petition for Writ of Certiorari, where they presented the following three questions:

- A-1. Did the circuit court err in holding that the Respondent's trial counsel was ineffective in failing to subpoena the victim's grandfather to testify at trial?

- A-2 Did the circuit court err in holding that the Respondent's trial counsel was ineffective in failing to present an expert witness to rebut the State's child sexual abuse expert witness?

- A-3. Did the circuit court err in holding that the Respondent's trial counsel was ineffective in failing to request a jury charge of assault and battery of a high and aggravated nature?

The South Carolina Supreme Court granted certiorari by Order date January 8, 2004. The State submitted its Brief of Petitioner on May 11, 2004, and Assistant Appellate Defender Clare submitted the Brief of Respondent on June 10, 2004. The South Carolina Supreme Court reversed

the PCR court's decision in a published Opinion filed on March 21, 2005. Dempsey v. State, 363 S.C. 365, 610 S.E.2d 812 (2005).

## II. HABEAS ALLEGATIONS/ANALYSIS

In his Petition for Writ of Habeas Corpus, the Petitioner in his *pro se* petition, alleges the following:[3]

GROUND ONE.     Did the South Carolina Supreme Court err in reversing the PCR judge's decision?

GROUND TWO.     Was my due process rights violated by the rights violated by the State and by ineffective assistance of trial counsel? (Sic)

The State argues that the state supreme court's finding that he was not entitled to relief on any of the grounds addressed in the PCR Order granting relief did not result in a decision that was "contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1).

In addressing the merits of this issue, the South Carolina Supreme Court's decision as to the reasons counsel was found not to be ineffective will have to be addressed.

**A.  Failure to present victim's grandfather**:

---

[3] Respondents filed a reply to petitioner's response on March 31, 2006, in which respondents state that they "erroneously asserted the statute of limitations and hereby expressly waive that defense." Therefore, the undersigned will not address the statute of limitations argument in this report and recommendation.

6

First, the PCR court found that counsel was ineffective for failing to present the victim's grandfather as a witness. The South Carolina Supreme Court reversed the PCR court's decision finding that counsel was not ineffective.

In the PCR application, petitioner argued that trial counsel failed to present the victim's grandfather as a witness at trial. Petitioner alleged that Archie Jones, the victim's grandfather, was an essential and indispensable witness. (App. 276, 384). Petitioner testified at the PCR hearing that Mr. Jones possessed exculpatory information about his case and that Jones told him that the victim had lied and allegedly pressure the victim to fabricate the story about the sexual assault. (App. 392).

Respondents assert that the state supreme court's decision was not an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.

A review of the South Carolina Supreme Court decision reveals that the justices concluded the following in this case with regard to the issue of failing to present testimony from victim's grandfather :

> In his PCR application, Dempsey claimed trial counsel was ineffective for failing to subpoena the victim's grandfather, who Dempsey alleged would have testified that the victim lied about being sexually assaulted. At the PCR hearing, counsel admitted that he did not know the proper procedure to subpoena an out-of-state witness. Nevertheless, because we cannot determine what the victim's grandfather would have said in his testimony, any prejudice to Dempsey is merely speculative. In addition, because the victim's grandfather did not testify at the PCR hearing or otherwise have his testimony offered, there is no evidence that, if counsel had subpoenaed the witness, the result at trial would have been different. Accordingly, we hold that the PCR court erred in granting relief on the basis that the trial counsel was ineffective in failing to subpoena the victim's grandfather to testify at trial.

**B.  Failure to present defense expert on child sexual abuse:**

The PCR court found that counsel was ineffective for failing to present a defense expert on child sexual abuse.  The South Carolina Supreme Court reversed that decision finding that the PCR judge erred in granting Dempsey relief on this basis.

A review of the South Carolina Supreme Court's order reveals the following conclusion:

> At trial, the State called Dr. Donald Elsey, a therapist at the Low Country Children's Center, to testify as an expert on child sexual abuse. Dr. Elsey testified that it was his opinion that the victim had been sexually abused.
>
> In addition, the State presented expert testimony from Dr. Elizabeth Baker who performed the victim's physical examination. Dr. Baker testified that she found no physical evidence that the victim was sexually abused, but that it was likely that if someone was assaulted in the manner in which the victim alleged, there would be no physical evidence of the assault. Dempsey's counsel did not call an expert to rebut the State's expert testimony because he believed that the lack of physical evidence of abuse, by itself, was enough to rebut the state's expert testimony.
>
> First, because Dempsey failed to have an expert on child sexual abuse testify at the PCR hearing, we hold that any finding of prejudice is merely speculative. Second, we find that counsel's decision not to call an expert witness to rebut the state's expert witness was a legitimate trial strategy. See McLaughlin v. State, 352 S.C. 476, 483-484, 575 S.E. 2d 841, 844-845 (2003) (holding that where counsel articulates a valid reason for employing a certain trial strategy, such conduct will not be deemed ineffective assistance of counsel.) Accordingly, we hold that the PCR court erred in granting relief on the basis that trial counsel was ineffective in failing to call an expert witness on child sexual abuse.

**C.  Trial counsel was ineffective for failing to request a jury charge of assault and battery of a high and aggravated nature.**

The PCR court found that trial counsel was ineffective for failing to request a jury charge of assault and battery of a high and aggravated nature. The South Carolina Supreme Court reversed that decision concluding that counsel was not ineffective. Petitioner argues that the South Carolina Supreme Court erred in reversing the PCR court's decision.

Respondents assert that the state supreme court was correct in reversing the PCR court. They argue that the PCR judge erred in granting relief on the basis that counsel was ineffective for failing to request a jury charge on the lesser-included offense of assault and battery of a high and aggravated nature (ABHAN).

A review of the decision of the South Carolina Supreme Court reveals the following conclusions:

> A judge must charge the jury on material issues raised by the evidence. . . Nevertheless, a judge is required to charge a jury on a lesser-included offense "if there is any evidence from which it could be inferred the lesser, rather than the greater, offense was committed." State v. Gourdine, 322 S.C. 396, 398 472 S.E. 2d 241, 242 (1996).
>
> ABHAN is a lesser included charge of CSC. State v. Primus, 349 S.C. 576, 582, 564 S.E.2d 103, 106 (2002). ABHAN is the unlawful act of violent injury to another accompanied by circumstances of aggravation. Id. At 580, 564 S.E.2d at 105. Circumstances of aggravation include the use of a deadly weapon, intent to commit a felony, infliction of serious bodily injury, great disparity in the ages or physical conditions of the parties, a difference in gender, the purposeful infliction of shame and disgrace, taking indecent liberties of familiarities with a female, and resistance to lawful authority.. . .
>
> In the present case, both the victim's aunt and the victim testified that Dempsey acted violently towards the victim. The aunt testified that on one occasion she witnessed Dempsey pick up the victim and yell obscenities at him. In addition, victim testified that on another occasion Dempsey "jacked [the victim] up against the wall and threatened to hurt him if he told anyone about the sexual abuse. Nevertheless, the evidence indicates that on several different

> occasions, Dempsey forced the victim to perform various sexual acts. We find that there is no evidence that Dempsey committed ABHAN rather than CSC with a minor on those occasions.
>
> In this case, Dempsey points to evidence that he physically assaulted the victim to support the claim that counsel was ineffective in filing to request an ABHAN charge. The indictment showed that the CSC occurred between December 1996 and Jun 1997, during which period there was evidence of several instances of sexual battery. While it is true, as Dempsey contends, that there was also evidence of conduct that could be construed as ABHAN, none of these incidents was alleged to have occurred instead of the sexual batteries. Under these circumstances, where there is no evidence from which it could be inferred that ABHAN rather than CSC was committed, an ABHAN charge is not warranted.

Dempsey v. State, 363 S.C. 365, 610 S.E. 2d 812 (2005).

When presented with an application for habeas relief, the first inquiry by the court is to determine whether the claim raised in the petition was "adjudicated on the merits" by the state court. 28 U.S.C.A. §2254(d). If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in §2254(d) applies and federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Id. § 2254(d)(1),(2); See Williams v. Taylor, 529 U.S. at 398. If, however, "a petitioner has properly presented a claim to the state court but the state court has not adjudicated the claim on the merits . . . , our review of questions of law and mixed questions of law and fact is de novo." Weeks v. Angelone, 176 F.3d 249, 258 (4th Cir. 1999).

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) (quoting Strickland, reversed on other grounds, 476 U.S. 28 (1986)). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Strickland, at 694.

In Lockhart v. Fretwell, 506 U.S. 364 (1993), the Supreme Court clarified its definition of prejudice quoted above, stating that "an analysis focusing solely on mere outcome determination . . . is defective." Instead, an appropriate analysis of prejudice should consider "whether the result of the proceeding was fundamentally unfair or unreliable." Therefore, a court analyzing the prejudice prong should not "set aside a conviction or sentence solely because the outcome would have been

11

different but for counsel's error." See Williams v. Taylor, Nos. 98-14, 98-16, 1998 WL 883336 (4th Cir. Va. Dec. 18, 1998) (quoting Lockhart, at 369-70).

The court further held at page 695 that:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct . . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added.)

The record supports the South Carolina Supreme Court's decision finding that the petitioner has not demonstrated that his attorney's performance was deficient by showing that his representation fell below an objective standard of reasonableness and, further, he has not shown that the attorney's performance actually prejudiced him. As the South Carolina Supreme Court's rejection of the ineffective assistance of counsel ground for relief did not result in an unreasonable application of Strickland and was not based upon an unreasonable determination of facts in light of the state court record, this ground is without merit. No genuine issue of material fact has been shown in regard to this issue. Strickland, supra.

In conclusion, the undersigned finds that there was no constitutional violation by the South Carolina Supreme Court denying effective assistance of counsel as alleged in the PCR application. Even if ineffective assistance of counsel was found, petitioner has failed to prove prejudice. Based on the transcript, there were numerous witnesses that testified against petitioner including the victim and an expert on child sexual abuse. Further, at the PCR hearing, petitioner did not present victim's grandfather to testify so he could not establish any prejudice from counsel's failure to call or subpoena this witness.

As to the supreme court's finding that trial counsel was not ineffective for failing to present an expert on child sexual abuse, trial counsel cross-examined the state's witness, Dr. Baker, who replied to trial counsel's question that there was absolutely no evidence of trauma in the exam. Trial counsel testified at PCR that he based his defense on the lack of physical evidence and he believed the lack of physical evidence as to any sexual assault was compelling. Therefore, trial counsel had a certain trial strategy and petitioner did not have an expert on child abuse testify at the PCR hearing. Thus, he has failed to show prejudice.

As to the supreme court's finding that counsel was not ineffective for failing to request a jury charge on ABHAN, its decision is not an unreasonable determination of the facts in light of the evidence presented in the state proceedings. Both the victim and victim's aunt testified that petitioner acted violently towards the victim. However, the South Carolina Supreme Court found that based on the testimony given at the trial there was no evidence that petitioner committed ABHAN rather than criminal sexual conduct with a minor on those occasions. The Supreme court found that "while it is true that there was also evidence of conduct that could be construed as ABHAN, none of these incidences was alleged to have occurred instead of the sexual batteries." In this 6th Amendment challenge under the ineffective assistance of counsel argument, petitioner is arguing that counsel should have requested a charge for a lesser included offense under state law. This issue of state law was answered by the South Carolina Supreme Court in Dempsey v. State, supra. Therefore, petitioner seeks to have this court disagree with the South Carolina Supreme Court on an issue of state law in order to find trial counsel ineffective. The South Carolina Supreme Court has held that a judge is only required to charge a jury on a lesser-included offense if evidence exists that suggests that the lesser, rather than the greater, crime was committed. Sellers v. State, 362 S.C. 1882, 607

S.E.2d 82 (2005); State v. Gourdine, 322 S.C. 396, 398, 472 S.E.2d 241, 242 (1996). In this case, the South Carolina Supreme Court held that there was no evidence from which it could be inferred that ABHAN rather than CSC was committed, thus, an ABHAN charge was not warranted. Petitioner has failed to meet the burden to show that he is entitled to habeas corpus relief under this issue. Therefore, the supreme court's denial of this allegation did not result in a decision that was contrary to or which involved an unreasonable application of clearly established Federal law. Based on these reasons, it is recommended that summary judgment be granted as to Ground One and Ground Two in the habeas petition.

## GROUND THREE

As previously stated, petitioner raises the following as ground three in his habeas petition:

III.     Did the trial court lack subject matter to try and convict Applicant? (Sic).

The undersigned recommends that this issue be dismissed. As this issue pertains to the state court's jurisdiction, this issue should be dismissed because claims arising from state law are not cognizable. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Jurisdiction is a non-cognizable state law issue. See Wright v. Angelone, 151 F.3d 151, 156-158 (4th Cir.). Therefore, the undersigned recommends that this ground be dismissed.

## III.  CONCLUSION

Based on the reasons set out above, it is RECOMMENDED that respondents' motion for summary judgment (document # 13) be GRANTED, and the petition dismissed without an evidentiary hearing.

Respectfully Submitted,


s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

May 9, 2006
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

# Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
# &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina  29503
