IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Heyward Cecil Dempsey, #134171, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No. 4:05-2464-HMH-TER |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Stan Burtt, Warden; and Henry D. McMaster, Attorney General for South Carolina, | ) ) ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1]  Heyward Cecil Dempsey ("Dempsey") is a pro se state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.  In the Report and Recommendation, Magistrate Judge Rogers recommended granting the Respondents' motion for summary judgment and dismissing Dempsey's petition without an evidentiary hearing.  Dempsey filed objections to the Report and Recommendation.  For the reasons stated below, the court adopts the Report and Recommendation, grants the Respondents' motion for summary judgment, and dismisses Dempsey's petition.

---

[1]The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

1

# I. Factual and Procedural Background

On April 21, 1998, Dempsey was convicted by a jury of criminal sexual conduct ("CSC") in the first degree. Dempsey was sentenced to thirty (30) years' imprisonment. Dempsey appealed his conviction and sentence, which the South Carolina Court of Appeals affirmed on July 3, 2000.

Dempsey filed an application for post-conviction relief ("PCR") in the Orangeburg County Court of Common Pleas on August 16, 2000. Dempsey supplemented his PCR application on November 21, 2000, adding new grounds for relief. In his PCR application, Dempsey collaterally attacked his conviction and sentence on multiple grounds, including prosecutorial misconduct and ineffective assistance of trial counsel for failing to subpoena witnesses favorable to the defense, failure to call an expert witness to testify at trial, failure to request a charge for a lesser included offense, and failure to investigate the case. (§ 2254 Pet. 3-4.) After an evidentiary hearing, the court granted Dempsey's PCR application, vacating Dempsey's conviction and sentence and remanding the case for a new trial on July 10, 2002.

The State of South Carolina ("State") filed a petition for writ of certiorari to the Supreme Court of South Carolina on April 4, 2002, which was granted on January 8, 2004. The State submitted three questions to the Supreme Court on certiorari:

I.   Did the PCR court err when it found Dempsey's trial counsel ineffective for failing to subpoena the victim's grandfather to offer testimony that could have potentially exculpated Dempsey?

II.  Did the PCR court err when it found Dempsey's trial counsel ineffective for failing to offer expert testimony on sexual abuse to rebut the state's expert testimony?

2

    III.    Did the PCR court err when it found Dempsey's trial counsel ineffective for failing to request a jury charge of assault and battery of a high and aggravated nature (ABHAN)?

Dempsey v. State, 610 S.E.2d 812, 814 (S.C. 2005). The Supreme Court found that there was no probative evidence to support any of the three findings and reversed the PCR court's decision to vacate and remand Dempsey's conviction and sentence. Id. at 816.

On August 23, 2005, Dempsey filed the instant § 2254 petition.[2] In his petition, Dempsey raises three grounds for relief: (1) the Supreme Court erred in reversing the PCR court's decision ("first ground"); (2) Dempsey's "due process rights [were] violated by the State and by ineffective assistance of trial counsel" ("second ground"); and (3) the "trial court lacked subject matter [sic] to try and convict appellant" ("third ground"). (§ 2254 Pet. 5, 6.) On November 30, 2005, the Respondents filed a motion for summary judgment. Magistrate Judge Rogers recommends granting the Respondents' motion.

## II. Discussion of the Law

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the

---

[2] See Houston v. Lack, 487 U.S. 266 (1988).

3

existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248. Moreover, "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

### B. Standard of Review in a § 2254 Petition

In addition to the standard that the court must employ in considering the motion for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim –
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

"[A] determination of a factual issue made by a State court shall be presumed to be correct," 28 U.S.C. § 2254(e)(1) (West Supp. 2006). Dempsey has "the burden of rebutting the presumption of correctness by clear and convincing evidence." Id. With respect to reviewing the state court's application of federal law, "a federal habeas court may grant the writ if the state court identifies the correct governing principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (internal quotation marks omitted). Further, "an unreasonable application of federal law is different from an incorrect application of federal law, because an incorrect application of federal law is not, in all instances, objectively unreasonable." Id. (internal quotation marks omitted). "Thus, to grant [Dempsey's] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004).

### C. The Report and Recommendation

Magistrate Judge Rogers recommended granting the Respondents' motion for summary judgment and dismissing Dempsey's petition. The Magistrate Judge found that Dempsey's first ground was without merit. Each of the three claims raised before the Supreme Court on certiorari concerned whether Dempsey's counsel at trial, Michael

5

Meetze ("Meetze") had provided ineffective assistance of counsel.[3]

With respect to the first issue, the Supreme Court found that the PCR court erred in granting relief to Dempsey on the grounds that Meetze failed to subpoena Archie Jones ("Jones"), the victim's grandfather. The Supreme Court explained that Dempsey had presented no evidence of what testimony Jones would have given, other than Dempsey's own testimony at the PCR hearing that the victim had lied about being sexually assaulted. Dempsey, 610 S.E.2d at 814. The Supreme Court found that because Dempsey had not provided sufficient evidence of the substance of Jones' testimony, any prejudice to Dempsey resulting from the failure to subpoena Jones was speculative, and Dempsey had failed to show prejudice such that he could prevail on that claim for ineffective assistance of counsel. Id. Reviewing the Supreme Court's decision under the deferential standard set forth under § 2254, the Magistrate Judge found that the Supreme Court had made no error warranting habeas relief, noting that "there were numerous witnesses that testified against [Dempsey] including the victim and an expert on child sexual abuse." (Report and Recommendation 12.)

Similarly, in reviewing the second issue presented to the Supreme Court, the Magistrate Judge again found no constitutional error. (Id. 13.) The PCR court had found

---

[3]In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, a petitioner must demonstrate (1) that his counsel's performance fell below an objective standard of reasonableness and (2) that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. With respect to the second prong, the petitioner must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

that Meetze erred in failing to use an expert witness to rebut the prosecution's expert witness on sexual abuse. However, the Supreme Court found that any prejudice to Dempsey was speculative, as Dempsey had failed to provide sufficient evidence of what an expert would have said in support of his defense. Dempsey, 610 S.E.2d at 815. Moreover, the Supreme Court found that "counsel's decision not to call an expert witness to rebut the state's expert witness was a legitimate trial strategy." Id.

Finally, in reviewing the third issue presented the Supreme Court, whether Dempsey's trial counsel had been ineffective for not requesting an ABHAN charge, the Magistrate Judge likewise found no constitutional error. (Report and Recommendation 13-14.) The Supreme Court found that the PCR judge erred in finding that Dempsey's counsel had rendered ineffective assistance, as "there is no evidence from which it could be inferred that ABHAN rather than CSC was committed, [so] an ABHAN charge [was] not warranted." Id.

Magistrate Judge Rogers did not address Dempsey's remaining two grounds in great detail, but nonetheless recommended that the court grant summary judgment to the Respondents and dismiss Dempsey's petition without a hearing.

### D. Objections to the Report and Recommendation

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give

7

any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Dempsey filed three objections to the Report and Recommendation.  Dempsey first objects to the Magistrate Judge's conclusion that the Supreme Court did not err in reversing the PCR court's finding that Meetze rendered ineffective assistance of counsel for failing to subpoena Jones.  Dempsey argues that, upon reviewing the PCR judge's finding, the Supreme Court should have affirmed the PCR court's determination under the "any evidence" standard, as Dempsey's counsel's testimony at the PCR hearing was sufficient evidence to affirm the PCR court's finding.  (Objections 3); see Dempsey, 610 S.E.2d at 814 ("On review, a PCR judge's findings will be upheld if there is any evidence of probative value sufficient to support them.")

Dempsey's objection is without merit.  As an initial matter, Dempsey is essentially asking the court to "reverse the South Carolina Supreme Court" not because the Supreme Court misapplied federal law, but because it allegedly misapplied the standard set forth in South Carolina law.  (Objections 3.)  As noted above, § 2254(d) permits this court to grant relief if the state court has unreasonably applied federal law, but makes no such provision for an allegedly erroneous application of state law.  See § 2254(d).  Second, Dempsey has not provided evidence to support what he asserts is the substance of Jones' testimony, or that such evidence was before the Supreme Court on certiorari. Accordingly, the court finds that Dempsey has not shown that the Supreme Court unreasonably applied Strickland, and Dempsey's first objection is without merit.

Dempsey's second objection is also without merit. Dempsey argues that the Magistrate Judge wrongly concluded that the Supreme Court had not erred in reversing the PCR court's determination that Meetze was ineffective for failing to call an expert witness to rebut the prosecution's expert witness. Dempsey argues that his counsel's choice was not "strategic" because he did not do sufficient investigation to make such a tactical decision. (Objections 5.) However, as noted by the Supreme Court, Dempsey failed to show what an expert witness testifying on his behalf would have said, so any prejudice that resulted from the witness not being called is speculative. Dempsey, 610 S.E.2d at 815. Moreover, Dempsey has still not offered evidence of how such an expert would have testified. Ultimately, the court finds that Dempsey has failed to show that the Supreme Court unreasonably applied Strickland, so this objection is without merit.

Finally, Dempsey's third objection appears to be re-raising another claim for ineffective assistance of counsel originally raised in his § 2254 petition. In his petition, among other claims for ineffective assistance of counsel and for prosecutorial misconduct (which were not raised to the Supreme Court on certiorari), Dempsey alleged that his counsel at trial was "ineffective for not making an objection to the solicitors for vouching for the credibility of Dr. Baker," the prosecution's expert witness. (§ 2254 Pet. 10.) The Respondents, in their motion for summary judgment, argued that Dempsey had procedurally defaulted these claims. (Resp'ts' Mem. Supp. Mot. Summ. J. 17-18.)

In response to the Respondents' motion, Dempsey made no argument as to why those claims were not procedurally defaulted. As noted above, Magistrate Judge Rogers recommended granting the Respondents' motion for summary judgment and dismissing

9

Dempsey's claims. Likewise, Dempsey made no argument that the claims were not procedurally defaulted in his objections to the Report and Recommendation.

In his objections, Dempsey mentioned only one of the claims, that "[t]he Prosecution vouched for the State's witnesses without objection from the Defense attorney on numerous occasions in his closing argument thereby prejudicing petitioner," and specifically noted that the solicitor "assured, or vouched for the credibility of Dr. Baker." (Objections 5, 6.) However, Dempsey has not offered any argument opposing the Respondents' argument that this claim and the others raised in his second ground for habeas relief are procedurally defaulted. Additionally, even if this claim were not procedurally defaulted, the court finds that Dempsey has failed to satisfy the requirements of <u>Strickland</u> such that he would be entitled to relief under § 2254. Moreover, Dempsey has failed to make any specific objection to Magistrate Judge Rogers' recommendation that the Respondents are entitled to summary judgment on this ground[4] or the third ground, that the state court lacked subject matter jurisdiction. Therefore, after a thorough review of the Report and the record in this case, the court adopts Magistrate Judge Roger's Report and Recommendation.

---

[4]The court notes that Dempsey waived any objection to the Magistrate Judge's recommendation that the other claims in the second ground were to be dismissed by not filing objections to the Magistrate Judge's recommendation. <u>See</u> <u>Schronce</u>, 727 F.2d at 94 & n.4.

10

Therefore, it is

**ORDERED** that the Respondents' motion for summary judgment, docket number 8, is granted, and the petition is dismissed.

**IT IS SO ORDERED**.

> s/Henry M. Herlong, Jr.
> United States District Judge

Greenville, South Carolina
June 2, 2006

### NOTICE OF RIGHT TO APPEAL

The petitioner is hereby notified of his right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.